FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAY 29 PM 4:53
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES BERNARD JONES, JR.,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

CASE NOS. CV418-045
          CR409-416

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 7), to which objections have been filed (Doc. 8). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's construed 28 U.S.C. § 2255 petition (Doc. 1) and amended petition (Doc. 5) are **DISMISSED**. In addition, Petitioner is not entitled to a Certificate of Appealability ("COA"), rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner objects to the Magistrate Judge's recommendation that his purported 28 U.S.C. § 2241 petition be construed as seeking relief under

28 U.S.C. § 2255. (Doc. 8 at 1-2.) However, Petitioner is clearly attacking the validity of his sentence, not its execution. (Id. at 6 ("Movant request[s] his sentence vacated and immediate release for the unlawful detention that has been improperly imposed . . . .").) Section 2241 applies only where Section 2255 would be "inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255(e); see Wattleton v. Beeler, 186 F. App'x 852, 853 (11th Cir. 2006). Petitioner previously raised the same arguments in a § 2255 petition that he now advances in his purported § 2241 petition. (Compare CV413-142, Doc. 1, with CV418-045, Doc. 1.) Since these claims have already been addressed, Petitioner is unable to show that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Therefore, the Court agrees with the Magistrate Judge that the Court must construe his present petition as seeking relief under § 2255. See Wattleton, 186 F. App'x at 853. As a result, the current petition must be dismissed because Petitioner previously filed a § 2255 petition and has not received permission from the Eleventh Circuit Court of Appeals to file a successive petition. Id. ("[A] petitioner who has filed and was denied a § 2255 motion may not circumvent the successive-petition rule simply by filing a

2

petition under § 2241." (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999))).

SO ORDERED this 29th day of May 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA